IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal Al-Haqq, | ) | Case No. 2:24-cv-01899-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Mims, Ms. Butler, Staci Richardson, | ) | |
| Ms. Emetu, Dr. Lobitz, Lt. Miller, Lt. | ) | |
| Douglas, Gwen Hall, Lt. Bostic, Ofc | ) | |
| Duwizi, Bryan Stirling, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion for summary judgment. ECF No. 41. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On July 15, 2025, the Magistrate Judge issued an Order and Report recommending that the motion be granted and ruling on certain motions filed by Plaintiff. ECF No. 49. Plaintiff filed objections to the Report. ECF No. 65.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

As an initial matter, the Court finds that the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference. The Court further adopts the Magistrate Judge's construction of which claims are included in this case and which claims are included in Plaintiff's other cases. *See* ECF No. 58 at 10. This action concerns events at Broad River Correctional Institution ("BRCI") between August 3, 2023, and April 12, 2024. Briefly, Plaintiff alleges violations of the South Carolina Department of Corrections' ("SCDC") policies and procedures, the First Amendment, the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment. He further alleges supervisory liability and requests damages and injunctive relief. Plaintiff's objections are mostly in the form of general objections or legal conclusions. However, as Plaintiff filed objections, the Court's review has been de novo. The Court notes that Plaintiff filed a verified complaint; none of Plaintiff's subsequent

2

filings have been verified. The Court has so considered the evidence available in the record.

***Eleventh Amendment Immunity***

The Magistrate Judge recommends finding Defendants are entitled to Eleventh Amendment immunity. Upon review, the Court agrees that Defendants are entitled to Eleventh Amendment immunity for claims for damages against them in their official capacities.[1]

***SCDC Policies and Procedures***

The Magistrate Judge next notes that Plaintiff's allegations regarding Defendants' alleged violations of SCDC policy fail to state a constitutional violation. Therefore, she recommends finding that Defendants Mims, Butler, Richardson, and Miller are entitled to summary judgment for any claim that their actions violated SCDC policy. Upon review, the Court agrees and summary judgment is so granted.

In this same section, the Magistrate Judge discusses the fact that inmates do not have a constitutional right to a grievance process. Plaintiff objects to this finding. ECF No. 65 at 5. Upon review, the Court agrees with the recommendation of the Magistrate Judge. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance

---

[1] The Magistrate Judge further recommends that summary judgment as to Plaintiff's request for injunctive relief as to Defendant Richardson also be granted because Plaintiff has failed to demonstrate a constitutional violation for which he is entitled to injunctive relief. The Court agrees; however, injunctive relief will be discussed in more detail below.

procedure."). Accordingly, Defendants' motion for summary judgment is granted as to this claim.

### *First Amendment Claims*

The Magistrate Judge recommends granting summary judgment as to Plaintiff's First Amendment claims. In his objections, Plaintiff generally asserts that Defendants retaliated against him for exercising his First Amendment rights. ECF No. 65 at 5.

Plaintiff alleges that he was transferred to BRCI in retaliation for filing grievances and lawsuits against various SCDC employees. As explained in more detail by the Magistrate Judge, this claim is being litigated in another one of Plaintiff's cases. Accordingly, it is dismissed here.

Further, as to any claim that Defendant Miller retaliated against Plaintiff by refusing to allow him to shower on April 8, 2024, the Court agrees with the Magistrate Judge that "this one isolated incident cannot constitute an adverse action for purposes of a First Amendment retaliation claim." ECF No. 58 at 15. *See also Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 482–83 (4th Cir. 2005). Accordingly, summary judgment is granted as to Plaintiff's First Amendment claims.

### *Fifth Amendment Claims*

As noted by the Magistrate Judge, Plaintiff does not do much more than cite to the Fifth Amendment and allege that these rights have been violated. Accordingly, she recommends granting Defendants' motion to the extent Plaintiff intends to make a claim pursuant to the Fifth Amendment. Plaintiff has not specifically objected to this portion of

the Report; nevertheless, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge and grants summary judgment as to this claim.

**Eighth Amendment Claims**

Plaintiff alleges that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs, failing to protect him, and subjecting him to unconstitutional conditions of confinement. The Court will address each in turn.

<u>*Deliberate Indifference to Serious Medical Needs*</u>

Plaintiff alleges that Defendant Emetu and Lobitz ("the Medical Defendants") were deliberately indifferent to his serious medical needs by denying him physical therapy, surgery, and pain medication. Plaintiff objects to any finding that his injury is mild. ECF No. 65 at 6. He contends that the Medical Defendants provided cursory medical care and left him in pain. *Id.* at 4. He states that Defendants have denied and delayed his medical care, that the Court is not qualified to rule on the quality of his medical care, and that the medical care he received was not adequate. *Id.* at 5, 6, 7. Plaintiff asserts that he was not receiving physical therapy at BRCI, that "[i]t is against South Carolina code of law to practice physical therapy without a license, and it[']s forbidden to have a patient perform physical therapy on himself without a therapist," and that Mr. McFarland was directed to perform physical therapy on Plaintiff but he was not aware of the direction and made Plaintiff wait in the waiting room.[2] *Id.* at 5, 6, 7.

---

[2] Plaintiff further alleges that his spinal surgery has been delayed for over a year. ECF No. 65 at 6. This allegation is not a subject of this lawsuit and it is unclear how any of these Defendants are alleged to be responsible for the current delay of his surgery.

5

As explained in detail by the Magistrate Judge, Plaintiff received consistent medical care during the relevant time at BRCI. He received extensive medical care from the staff at BRCI and from outside providers including x-rays, testing, and an MRI. The Court further agrees with the Magistrate Judge that the evidence before the Court demonstrates that Plaintiff's complaints were promptly considered and addressed.[3] Based upon a de novo review of the record, the Court agrees with the Magistrate Judge that Plaintiff claims that the Medical Defendants should have administered his pain medication more promptly, referred him out for back surgery, and ensured that he received rehabilitative physical therapy do not rise to the level of a constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding that an inmate's mere disagreement with medical providers about the proper course of treatment does not support an Eighth Amendment cause of action.). Accordingly, summary judgment is granted to the claims against the Medical Defendants.

Plaintiff further alleges that Defendants Bostic and Ndubueze,[4] who are non-medical staff, were deliberately indifferent to his serious medical needs by failing to get him medical attention when he fell and by refusing him his medicine on January 26, 2024. The Magistrate Judge recommends granting summary judgment as to this claim. With

---

[3] The Court notes that the Magistrate Judge has provided a detailed and thorough summary of the care received by Plaintiff including the dates of his requests and his treatment by the medical staff. Rather than repeat this lengthy history, the Court specifically incorporates the Magistrate Judge's medical summary. *See* ECF No. 58 at 21–26.

[4] Defendant Ndubueze is listed on the docket as Defendant Duwizi. Plaintiff has since clarified the spelling of his name.

respect to the non-medical Defendants, Plaintiff asserts in his objections that Defendants Ndubueze and Richardson interfered with the doctor's treatment of him and that Lt. Bostic witnessed him injure himself and "denied the Plaintiff medical treatment." ECF No. 65 at 3–4.

To establish a claim of deliberate indifference against non-medical prison staff, a plaintiff must show that the nonmedical personnel (1) were personally involved in the treatment or denial of treatment, (2) deliberately interfered with treatment, or (3) tacitly authorized or were indifferent to the medical provider's conduct. *Howell v. Walrath*, No. 1:20-cv-1193, 2021 WL 5881803, at *5 (E.D. Va. Dec. 10, 2021). As to Defendant Bostic, Plaintiff does not assert that he requested medical treatment and was prevented from receiving it. As noted by the Magistrate Judge, Plaintiff filed grievances about this incident on March 29, 2024, and April 10, 2024, and he was scheduled for an appointment with medical on April 11, 2024. With respect to Defendant Ndubueze, Plaintiff alleges that she failed to give him medication on one occasion. The Court agrees with the Magistrate Judge that this fails to rise to the level of a constitutional violation. *See Friedman v. Sowers*, No. CIV.A. PJM-09-3379, 2010 WL 5391499, at *6 (D. Md. Dec. 22, 2010) ("[R]ather, whenever it was brought to medical staff's attention that Plaintiff had not received his medication, measures were taken to insure the problem was corrected."). Accordingly, the Court agrees with the Magistrate Judge that, even when drawing all reasonable inferences in Plaintiff's favor, he has failed to demonstrate a genuine issue of material fact as to whether the non-medical Defendants were deliberately indifferent to

7

his serious medical needs.[5]  Accordingly, Defendants' motion is granted as to these claims.

### Failure to Protect

Plaintiff alleges that Defendants failed to protect him from the dangerous conditions at BRCI.  He asserts that it is known that BRCI is a dangerous prison and that he is a vulnerable person due to his medical conditions.  He contends that he was assigned a dangerous inmate as a roommate.  The Magistrate Judge recommends granting summary judgment as to this claim.  In his objections, Plaintiff contends that Lt. Miller "personally approved inmate Randy Johnson" as Plaintiff's cellmate, that Ms. Butler stated he could not move rooms until there was bloodshed, and that Mr. Mims would not move him until there was bloodshed.  ECF No. 65 at 3.  He contends that BRCI is "a very dangerous and violent prison, which the Court has noted in many cases." *Id.* at 7.  Plaintiff contends that there is a longstanding , pervasive, well-documented, and substantial risk of inmate attacks that is known to prison officials.  *Id.* at 8.  He states that he made staff members aware that he had been assaulted and they did nothing.  *Id.*  Plaintiff objects to the Magistrate Judge's determination that he presents non-specific fears and that he is not required to "wait until harm actually befalls him."  *Id.* at 8–9.  He states that Randy Johnson told him he was placed there to kill him.  *Id.* at 9.

---

[5] In his objections, Plaintiff asserts that "[i]t is impossible to exercise inside his cell with the walker and roommate inside the cell."  ECF No. 65 at 8.  Plaintiff has not alleged sufficient facts to establish that non-medical defendants were personally involved in the treatment or denial of treatment or that they deliberately interfered with treatment.

The Court finds that Plaintiff's claims amount to the mere possibility of injury and that he has failed to create a genuine issue of material fact with respect to whether Defendants were deliberately indifferent to a substantial risk of harm and disregarded the risk. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Battle v. S.C. Dep't of Corr.*, No. 9:19-cv-1739-TMC, 2021 WL 4167509, at *10 (D.S.C. Sept. 14, 2021) (quoting *Turner v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 804 Fed. App'x 921, 926 (10th Cir. 2020)). As explained in more detail by the Magistrate Judge, Plaintiff's allegations concern a generalized fear for his safety due to BRCI's reputation, rather than a particularized threat. As such, summary judgment is granted as to this claim.[6]

### *Conditions of Confinement*

Plaintiff asserts a conditions of confinement claim on the basis that Defendant Douglas placed him in an unacceptable cell for one night. The Magistrate Judge further determined that Plaintiff may also allege a claim that he is subject to unconstitutional conditions of confinement because he is kept in his cell nearly 24 hours a day with limited exercise and showers, and because he was not issued a mattress upon arrival at BRCI. The Magistrate Judge recommends granting summary judgment as to this claim. In his objections, Plaintiff asserts that Lt. Douglas placed him "in an abandoned and condemned cell covered in blood, feces, and black bugs, and roaches" and that Lt. Douglas was in

---

[6] The Court notes that, in his objections, Plaintiff states that "Broad River is a very dangerous and violent prison, which the court has noted in many cases. 'The Defendants failed to answer the Plaintiff's discovery requests in that regard,' which summary judgment should not be granted . . . ." ECF No. 65 at 7. This allegation only goes to a general danger. Thus, even if there were discovery to support this allegation, the fact alleged is not material.

9

charge of cell placement. ECF No. 65 at 4, 9. He asserts that BRCI is "unfit for all human habitation." *Id.* at 9.

As explained in more detail by the Magistrate Judge, in order to demonstrate that conditions of confinement constitute cruel and unusual punishment in contravention of the Eighth Amendment, an inmate "must (1) establish that prison officials acted with deliberate indifference and (2) prove extreme deprivations of basic human needs, or serious or significant pain or injury." *Brown v. Levels*, No. 5:19-cv-1539-RMG, 2020 WL 5591463, at *5 (D.S.C. Sept. 18, 2020) (quoting *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009)); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). Upon review, the Court agrees that Plaintiff's allegations cannot establish the type of extreme deprivation required for a valid Eighth Amendment conditions of confinement claim and he further fails to allege that the conditions of confinement upon which he premises his Eighth Amendment claim caused or were likely to cause him serious harm. Accordingly, summary judgment is granted as to these claims.

***Fourteenth Amendment Claims***

The Magistrate Judge notes that Plaintiff only references the Fourteenth Amendment once and does not specifically identify any Defendant against whom he is bringing a Fourteenth Amendment claims. She goes on to liberally construe a Fourteenth Amendment claim as to Defendant Mims for violating Plaintiff's rights by taking him to the custody board early, taking away his custody, and leaving him at a Level-III institution. To the extent it can be liberally construed as such, Plaintiff objects and argues that Mr.

Mims would not move him until there was bloodshed.[7]  ECF No. 65 at 3.  As explained in more detail by the Magistrate Judge, Plaintiff cannot establish a protected liberty interest in a particular custody classification.  *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Brown v. Evatt*, 470 S.E.2d 848, 851 (S.C. 1996).  Accordingly, summary judgment is granted as to this claim.

***Supervisory Liability***

The Magistrate Judge determined that any claim for supervisory liability fails. Plaintiff objects and argues that Defendant Stirling was deliberately indifferent to his health and safety.  ECF No. 65 at 4.  As noted by the Magistrate Judge, a supervisor can be liable for an employee's misconduct where "(1) . . . the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) . . . the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) . . . there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).  Beyond his conclusory allegation in his objections, Plaintiff has made no specific allegations of wrongdoing against any Defendant, including Defendant Stirling, in his or her supervisory capacity.  Accordingly, Defendants' motion is granted as to this claim.

---

[7] This objection has been cited elsewhere as the undersigned believes it is truly related to Plaintiff's failure to protect claim.

11

*Injunctive Relief*

Plaintiff requests that Defendant Richardson be directed to move him to a facility where he can receive physical therapy, that he "and all the other handicap inmates" be removed from BRCI's yard and "the violence," that he "be seen for [his] three missed doctor's appointments," and that "the gang members not be allowed to comingle with the sick people, and be housed separately." ECF No. 1 at 27. The Magistrate Judge recommends denying Plaintiff's request for injunctive relief. In his objections, Plaintiff asserts that he is entitled to injunctive relief because Defendant Richardson has not moved "him to receive doctor ordered physical therapy." ECF No. 65 at 5. The Court agrees with the Magistrate Judge both that Plaintiff's request for injunctive relief largely consists of relief this Court may not authorize and that, because Plaintiff has not demonstrated an ongoing violation of federal law, injunctive relief under § 1983 is inappropriate. Accordingly, Plaintiff's request for injunctive relief is denied.

*Qualified Immunity*

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity. Plaintiff objects the Magistrate Judge's recommendation as to qualified immunity and argues that the law was clearly established when his constitutional rights were violated. ECF No. 65 at 9. As the Court has found that Plaintiff failed to establish a genuine issue of material fact with respect to any constitutional violations, the Court agrees that Defendants are entitled to qualified immunity for claims for damages made against them in their individual capacities. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

***Motion to Appoint Counsel***

In his objections, Plaintiff requests appointment of counsel. ECF No. 65 at 1, 3. There is no constitutional right to counsel in a civil case. While a court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). If it is apparent that a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant*, 739 F.2d at 163. Recently, in a § 1983 action, the Fourth Circuit explained that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the pro se litigant has a colorable claim, and (2) considering the claim's objective complexity and the pro se litigant's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard,* 109 F.4th 242 (4th Cir. July 31, 2024) (published). The Fourth Circuit made clear that a district court's failure to assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error. *Id*. Here, Plaintiff presented colorable claims, as evidenced by the fact that these claims withstood initial review. However, the Court finds that the claims presented were not particularly difficult or overly

13

complex and that Plaintiff has ably presented his claims. Further, there is no indication that Plaintiff lacks the skill or capacity to present his claims. Accordingly, the request is denied.

***Appeal of Magistrate Judge Orders***

In his objections, Plaintiff appears to appeal the Magistrate Judge's determination that his motion for sanctions should be denied. ECF No. 65 at 2, 10. Plaintiff contends that Lt. Miller's affidavit is "false." *Id.* at 9. He has provided no support for this assertion. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. Id. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

## **CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report. Defendants' motion for summary judgment [41] is **GRANTED**. The decision of the Magistrate Judge [58, 59] is **AFFIRMED**. Plaintiff's request for appointment of counsel [65] is **DENIED**.

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

September 16, 2025
Spartanburg, South Carolina